UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

WENDELLA BATTLE,    Plaintiff,

v.    Civil Action No. 3:17-cv-500-DJH

WALTER PARR and BUEHLER, LLC,    Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Wendella Battle was arrested and charged with trespassing at Cash Saver, a grocery store owned by Defendant Buehler, LLC (hereinafter Cash Saver). She alleges that she lost her job as a result of the arrest and criminal charge, and she asserts claims of malicious prosecution and false arrest/imprisonment against the security guard who arrested her, Walter Parr. She also seeks to hold Cash Saver vicariously liable for Parr's actions. (Docket No. 1) Cash Saver has moved to dismiss all federal claims to which it is subject (D.N. 5); Parr seeks dismissal of all claims asserted against him. (D.N. 10) For the reasons set forth below, the Court will deny Cash Saver's motion and grant in part and deny in part Parr's motion.

**I. BACKGROUND**

The following facts are set out in the complaint and accepted as true for purposes of the present motions. *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005). In August 2016, Battle shopped at First Choice Market, a grocery store where Parr worked as a security guard. (D.N. 1, PageID # 3) Parr was also employed as a correctional officer at Louisville Metro Department of Corrections (LMDC). (*Id.*, PageID # 2) While shopping, Battle engaged in a contentious cellphone conversation. (*Id.*, PageID # 2–3) Parr told Battle to "watch her mouth" and not to come back to First Choice Market. (*Id.*)

1

The next month, First Choice Market went out of business and was replaced by Cash Saver, a new grocery store operating in the same location which also employed Parr as a security guard. (*Id.*, PageID # 1, 3) On September 28, 2016, while her friend was grocery shopping at Cash Saver, Battle waited outside of an adjoining business. (*Id.*, PageID # 4) Parr, wearing his LMDC uniform, told Battle that she was not supposed to be on the property and that she was under arrest. (*Id.*) Battle believed Parr was acting as a correctional or police officer. (*Id.*) When the Louisville Metro Police Department arrived, Parr told the police officers that Battle was under arrest for trespassing. (*Id.*, PageID # 5) Battle was booked and incarcerated for several hours at LMDC. (*Id.*) Her incarceration caused her to be absent from work, and she was terminated due to her pending criminal charge. (*Id.*) The charge was ultimately dismissed on January 9, 2017. (*Id.*)

Battle asserts four claims against Parr: (i) false arrest under § 1983, (ii) malicious prosecution under § 1983, (iii) malicious prosecution under Kentucky common law, and (iv) false imprisonment/arrest under Kentucky common law. (*Id.*, PageID # 5–8) Additionally, Battle asserts a respondeat superior claim against Cash Saver. (*Id.*, PageID # 8)

## II.    CASH SAVER'S MOTION TO DISMISS

Cash Saver asks the Court to dismiss the "federal claims" to which it is subject. (D.N. 5, PageID # 19) As Battle points out, however, she asserted no federal claims against Cash Saver. (D.N. 6, PageID # 25) Rather, Battle's respondeat superior claim relates only to the Kentucky common law claims against Parr for malicious prosecution and false imprisonment/arrest. (*Id.*) Accordingly, Cash Saver's motion to dismiss will be denied as moot.

## III. PARR'S MOTION TO DISMISS

### A. Standard

Parr seeks dismissal for failure to state a claim with respect to all four claims against him. (D.N. 10, PageID # 36) To survive a motion to dismiss for failure to state a claim, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This requires the plaintiff to present enough factual matter to support each element of each claim. *Id.*; *see also Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 435 (6th Cir. 1988).

When evaluating whether this pleading standard has been satisfied, the Court must "accept all the [plaintiff's] factual allegations as true and construe the complaint in the light most favorable to the [plaintiff]." *Hill*, 409 F.3d at 716. The Court may consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint" in addition to the complaint itself. *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997). Moreover, "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

### B. Discussion

#### 1. Stipulation of Probable Cause

Battle asserts claims of malicious prosecution under § 1983 and Kentucky common law, a claim of false arrest under § 1983, and a claim of false imprisonment/arrest under Kentucky

3

common law. (D.N. 1, PageID # 5–7)  Absence of probable cause is an element of each of these claims.  *See King v. Harwood*, 852 F.3d 568, 580 (6th Cir. 2017) (listing the elements of malicious prosecution under § 1983); *Painter v. Robertson*, 185 F.3d 557, 569 (6th Cir. 1999) (explaining that lack of probable cause is an element of false arrest under § 1983); *Jenkins v. Louisville-Jefferson Cty. Metro Gov't*, No. 3:17-CV-151-DJH, 2018 WL 345119, at *2, *5 (W.D. Ky. Jan. 9, 2018) (reciting the elements of malicious prosecution under § 1983 and Kentucky common law); *Jackson v. Jernigan*, No. 3:16-CV-00750-JHM, 2017 WL 1962713, at *8 (W.D. Ky. May 11, 2017) (false arrest under Kentucky common law requires the plaintiff to show that she was detained and that such detention was unlawful, meaning the arrest lacked probable cause); *Tucker v. Heaton*, No. 5:14-CV-00183-TBR-LLK, 2016 WL 7007527, at *6 (W.D. Ky. Nov. 29, 2016) (describing the elements of malicious prosecution under Kentucky common law).  Thus, except in limited circumstances, a stipulation of probable cause in an underlying criminal proceeding bars subsequent claims of false arrest, false imprisonment, and malicious prosecution under § 1983 and Kentucky common law.  *Shemwell v. Heller*, No. 3:10-CV-336-CRS, 2012 WL 1038114, at *3, *4 (W.D. Ky. Mar. 27, 2012) (citing *Trimbur v. Ky. Lottery Corp.*, 64 F. App'x 970, 974 (6th Cir. 2003); *Pennington v. Dollar Tree Store*s*, Inc.*, 28 F. App'x 482 (6th Cir. 2002) (extending rule to claims under Kentucky common law).

     Parr argues that all of Battle's claims against him are barred because Battle stipulated to probable cause.  (D.N. 10, PageID # 39–40)  Battle's stipulation, Parr maintains, is demonstrated by the state court docket and case jacket showing that Battle's plea included a stipulation of probable cause, among other things, in exchange for dismissal of her charge.  (*Id.*; D.N. 14, PageID # 66–67)

As explained above, the Court may consider matters of public record in evaluating a Rule 12(b)(6) motion. *Barany-Snyder v. Weiner*, 539 F.3d 327, 330 (6th Cir. 2008); *Nieman*, 108 F.3d at 1554. Defendants may "incorporate documentation of [the underlying] criminal case as part of the pleadings without converting their motion to dismiss into a motion for summary judgment." *Harris v. Louisville-Jefferson Cty. Metro Gov't*, No. 3:11-CV-338-H, 2012 WL 777263, at *2 (W.D. Ky. Mar. 8, 2012). This Court has previously used case jackets to determine whether a plaintiff stipulated to probable cause. *See Shemwell*, 2012 WL 103814, at *4. Moreover, Battle's complaint refers to the underlying criminal proceeding, and that proceeding is clearly "central" to Battle's claims. *Harris*, 2012 WL 777263, at *2. It is appropriate, therefore, to consider the state court docket and case jacket in assessing whether Battle stipulated to probable cause. But a review of those documents fails to establish that Battle knowingly stipulated to probable cause.

As explained in *Harris*, a stipulation of probable cause entered without a criminal defendant's consent is not enough to support a motion to dismiss. *See* 2012 WL 777263, at *3; *see also United States v. Corder*, 724 F. App'x 394, 405 (6th Cir. 2018) (affirming district court's evidentiary ruling redacting a stipulation of probable cause in a dismissal order where, inter alia, there was a "lack of evidence that [the accused] agreed to any such stipulation"). Like the defendant in *Harris*, Parr cannot show that Battle was aware of any such stipulation: the record does not reflect any verbal or written agreement by Battle to stipulate; instead, Parr merely points to "DM/SPC" notations on the state court docket and case jacket as proof of the purported stipulation. (D.N. 10, PageID # 38–39; D.N. 14, PageID # 66–67) *Cf. Pennington v. Dollar Tree Stores, Inc.*, 28 F. App'x 482, 487 (6th Cir. 2002) (finding adequate stipulation where the plaintiff orally acknowledged stipulation of probable cause); *Broaddus v. Campbell*, 911 S.W.2d 281, 282 (Ky. Ct. App. 1995) (finding adequate stipulation where the plaintiff signed an order

5

acknowledging the stipulation of probable cause). Because these notations do not show that Battle was aware of or agreed to a stipulation, the Court declines to dismiss Battle's claims on this ground. *See Harris*, 2012 WL 777263, at *3.

## 2. Favorable Resolution of Underlying Criminal Proceeding

Parr also asks the Court to dismiss Battle's malicious-prosecution claims on the ground that the underlying criminal prosecution was not terminated in Battle's favor. (D.N. 10, PageID # 38–39) Termination of the underlying criminal proceeding in favor of the plaintiff is an element of malicious prosecution under § 1983 and Kentucky common law. *Jenkins*, 2018 WL 345119, at *2, *5 (W.D. Ky. Jan. 9, 2018); *Broaddus*, 911 S.W.2d at 283. However, for it to be favorable to the accused, termination of the proceedings must go to the merits of her innocence. *Cherry v. Howie*, 191 F. Supp. 3d 707, 714 (W.D. Ky. 2016). The dispositive inquiry is whether the termination implies a lack of reasonable grounds for the prosecution, not whether the charges were ultimately dismissed. *Jungblom v. Hopkins Cty., Ky.*, No. 4:11-CV-00126-JHM, 2013 WL 1187949, at *5 (W.D. Ky. Mar. 21, 2013). Thus, if the plaintiff "gave up something to secure the dismissal of the [underlying] charges," the favorable termination element is not met. *Broaddus*, 911 S.W.2d at 284. Any compromise between the prosecution and the accused resulting in dismissal is not a termination in the accused's favor. *Pennington*, 28 F. App'x at 488; *Jenkins*, 2018 WL 345119, at *3, *6; *Broaddus*, 911 S.W.2d at 284.

For example, in *Cherry v. Howie*, 191 F. Supp. 3d 707, 712 (W.D. Ky. 2016), after a dispute with the local police chief over a new city ordinance, Cherry was indicted for tampering with public records and for official misconduct. Cherry's charges were later dismissed in exchange for her agreement to drop off the City Council and not to run for Mayor or City Council again. *Id.* Cherry then sued the local police chief and police department for malicious prosecution. *Id.*

6

However, the Court found that Cherry could not prevail as "it is settled that a dismissal by compromise of the accused is not a termination favorable to the accused"; because Cherry "gave up something to secure dismissal" she could not satisfy the element of malicious prosecution requiring that the underlying proceedings terminate in her favor. *Id.* at 715.

Here, as in *Cherry*, the underlying charge was dismissed pursuant to an agreement under which Battle agreed not to return to Cash Saver and not to acquire any additional criminal charges until January 9, 2017. (D.N. 10, PageID # 38–39; D.N. 11, PageID # 53–54). Such a compromise dismissal precludes a finding that the underlying criminal proceeding terminated in her favor. *Broaddus*, 911 S.W.2d at 284. Battle's malicious-prosecution claims therefore fail.

### IV. CONCLUSION

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Cash Saver's motion to dismiss (D.N. 5) is **DENIED** as moot.

(2) Parr's motion to dismiss for failure to state a claim (D.N. 10) is **GRANTED** in part and **DENIED** in part. Counts 2 and 3 of the Complaint (D.N. 1) are **DISMISSED** with prejudice. Counts 1, 4, and 5 remain pending.

(3) Pursuant to 28 U.S.C. § 636(b)(1)(A), this matter is **REFERRED** to Magistrate Judge Regina S. Edwards for resolution of all litigation planning issues, entry of scheduling orders, consideration of amendments thereto, and resolution of all nondispositive matters, including discovery issues. Judge Edwards is further authorized to conduct one or more settlement conferences in this matter.

September 21, 2018

**David J. Hale, Judge**
**United States District Court**